Gregory B. Smith (USB 6657)
GREG SMITH AND ASSOCIATES
111 East 5600 South #105
Murray, UT 84107
Telephone 801-641-3397
Email:  gs@justiceinutahnow.com

*Attorney for Plaintiff, Jim Westpfahl*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JIM WESTPFAHL,<br><br>　　　　Plaintiff,<br><br>*vs.*<br><br>WEALTH GENERATOR, A UTAH LLC.<br><br>　　　　Defendant. | **PLAINTIFF'S SECOND AMENDED COMPLAINT AND DEMAND FOR JURY**<br><br>Civil Number 18:cv-00080-DAK-EJF<br><br>District Judge Kimball |

Plaintiff files this Complaint and complains against Defendant as follows:[1]

### I. PARTIES

Jim Westpfahl is an individual citizen, who resides in North Carolina.  Wealth

Generators, LLC is a limited liability company registered and licensed to do business in

Utah (Entity Number: 8590317-0160; Company Type: LLC – Domestic; Address: 12 S 400 W

---

[1] This is being filed by stipulation of the Parties, and is essentially the Original Complaint on file with the Court.  The attorney's name has been changed from Jake Jensen to Greg Smith, and the final date in the document has been changed to reflect the current date.

1

#300 SALT LAKE CITY, UT 84101; Registered Agent: CR CAPITAL HOLDINGS LLC;

Registered Agent Address: 12 S 400 W #300, SALT LAKE CITY, UT 84101).

## II. JURISDICTION AND VENUE

The Court has jurisdiction under the Fair Labor Standards Act of 1938, as amended 29 U.S.C. 201, et seq. The Court also has supplemental jurisdiction pursuant to 28 U.S. Code § 1367. Supplemental jurisdiction is needed for "gap time," in other words, for wages that were earned above and beyond minimum wage, but perhaps not part of overtime hours.[2] Venue is proper in this Court (pursuant to 28 U.S.C. § 1391) because the activities either took place in Salt Lake County, State of Utah, or that is where Defendant resides.

## III. STATEMENT OF FACTS

---

[2] Plaintiff is seeking what he is owed under the FLSA, plus "gap time," and Utah state claims such as breach of contract and unjust enrichment/quantum meruit. In other words, for wages for fewer than forty hours per week at a rate greater than the minimum wage-which are not recoverable under the FLSA. Plaintiff's recovery of such "gap time" wages is premised on the notion that an employer may not be liable under the FLSA "as long as the overall earnings for the non-overtime workweek in which the gap time hours worked equal or exceeded the amount due at the FLSA minimum wage for all hours worked in that week, including gap time hours." Federal Courts have allowed such claims for unjust enrichment or quantum meruit to proceed when the claim seeks something more than what the FLSA can provide—such as regular wages not paid at the contracted rate or "gap time" wages. *See* Tommey v. Computer Scis. Corp., No. 11-CV-02214-EFM-GLR, 2013 WL 1000659, at *2 (D. Kan. Mar. 13, 2013); *Sanchez v. Haltz Construction, Inc.,* 2012 WL 13514, *8 (N.D.Ill. Jan. 4, 2012) (citing *Nicholson v. UTi Worldwide, Inc.,* 2010 WL 551551, at *5 (S.D.Ill. Feb. 12, 2010)); *Osby v. Citigroup, Inc.,* 2008 WL 2074102, *2 (W.D.Mo. May 14, 2008).

1. At all times while working for Defendant, Defendant grossed more than $500,000 per year.
2. For purposes of the FLSA, Defendant was a "covered enterprise."
3. Defendant is an employer per 29 U.S.C. § 201, et. seq. of the FLSA, and pursuant to 29 U.S.C. § 215(a)(3).
4. At all times while working for Defendant, Plaintiff was a non-exempt employee.
5. Defendant did not properly pay Plaintiff overtime wages per Utah and Federal laws.
6. Plaintiff was hired by Defendant on or about July 15, 2017.
7. Plaintiff was hired by Defendant as a product developer.
8. Plaintiff's job duties while employed included:
    a. Working on and developing Auto-Trading Software.
    b. Working on and developing Forex Programming.
    c. Consulting with and paying for, outsourced programmers such as coders, etc.
        i. Defendant was expected to reimburse Plaintiff for any costs Plaintiff incurred while covering the costs of the outsourced programmers.
        ii. Defendant failed to fully reimburse Plaintiff costs.
9. Plaintiff would work between 45-50 hours per week for the Defendant.
10. Plaintiff was to be paid $4,000 every month - being paid twice a month in $2,000 installments.
    a. Plaintiff was to be paid on the first and fifteenth of every month.

11. Defendant failed to pay Plaintiff on time every month, which put Plaintiff below the federally-mandated minimum wage amount.

12. Defendant failed to pay Plaintiff on (the) regular paydays.

13. The last paycheck that Plaintiff received was on or about December 4, 2017.

14. Since that payment, Plaintiff continued to work, though Defendant has not paid Plaintiff; thus, Defendants has failed to comply with the FLSA's minimum wage mandates.

15. Plaintiff also had to cover the costs for an outsourced coding programmer, which Plaintiff has yet to be reimbursed by the Defendant.

16. Plaintiff has reached out to Defendant in order to get his back pay (including the unpaid minimum wage).

17. Plaintiff conversed with Defendant, but Defendant has since refused to answer Plaintiff's emails and phone calls.

18. Plaintiff's total damages result in $6,513, not counting the liquidated damages under the United States Fair Labor Standards Act. The following is a partial breakdown:

    a. $6,000 from 3 separate checks that have never been paid to Plaintiff (these are the $2,000 bi-weekly payments).

    b. $513 from covering the outsourced coding programmers costs.

    c. The FLSA's liquidated damages amounts, costs and attorney fees also have to be worked into this. Fair Labor Standards Act of 1938, § 16(b), 29 U.S.C.A. § 216(b)

## IV. CAUSES OF ACTION

19. Plaintiff realleges and incorporates by reference the allegations contained in the paragraphs above.

### I. BREACH OF CONTRACT

20. Defendant promised to pay Plaintiff $2,000 every other week for Plaintiff's work, and Defendant agreed to such.

    a. Defendant failed to pay as promised.

    b. Plaintiff has been damaged by the amount that was not paid.

    c. Plaintiff complied with the all the terms the contract with Defendant.

### II. VIOLATION OF THE UNITED STATES FAIR LABOR STANDARDS ACT (FLSA)

21. The FLSA requires covered employers to pay a minimum wage and overtime wages.

22. Defendant was a covered employer the entire time Plaintiff worked for Defendant, and Plaintiff worked on average 45 hours per week.

23. While working for Defendant, Plaintiff was a non-exempt employee, who often worked beyond forty (40) hours in her workweeks, but Defendant failed to pay him his overtime and minimum wages, and failed to pay Plaintiff on the regular payday.

24. Section 16(b) of the FLSA, 29 U.S.C. § 216(b), 29 USC §§ 206-207 and other laws entitles an employee to recover all unpaid wages, an equivalent amount as

liquidated damages ($7.25 for all hours worked, which were unpaid, which is $1,957.50), and reasonable attorneys' fees and costs when their employer has failed to pay minimum wages or overtime, for which Plaintiff prays.

25. At all times relevant to this action, Defendant willfully failed and refused to pay Plaintiff both federal minimum wages and overtime wages required by the FLSA to Plaintiff's.

## V. JURY DEMAND

26. Plaintiff demands a jury trial.

## VI. PRAYER FOR RELIEF

27. Order that Defendant pay all statutory and compensatory damages as a result of their unlawful conduct such as liquidated damages (an equal amount of the unpaid overtime), attorney fees, and costs of this action.

DATED this 28th day of June, 2018.

GREG SMITH & ASSOCIATES

/s/Gregory B. Smith
*Attorney for Plaintiff*
Jim Westpfahl